BENJAMIN B. WAGNER
United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                     Plaintiff,<br><br>          v.<br><br>APPROXIMATELY $29,000.00 IN U.S. CURRENCY,<br><br>                     Defendant. | 2:13-MC-00077-JAM-EFB<br><br>CONSENT JUDGMENT OF FORFEITURE |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On February 19, 2013, agents with the Drug Enforcement Administration ("DEA") contacted Andre Rajshawn Logan ("Logan") at the Sacramento International Airport in Sacramento, California.  Approximately $29,000.00 in U.S. Currency ("defendant currency") was seized from Logan during this encounter.  The DEA commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about May 1, 2013, the DEA received a claim from Logan asserting an ownership interest in the defendant currency.

2. The United States represents that it could show at a forfeiture trial that on or about February 19, 2013, agents with the DEA, acting on information received,

approached Logan after he had exited a plane arriving at the Sacramento International Airport from Raleigh, NC. The agents introduced themselves as law enforcement and asked to speak to Logan. When asked how long he had been in North Carolina, Logan responded that he had been there "a couple of days" although he had been there only twelve hours. Agents then asked Logan if they could search his bag. Logan consented. An agent searched Logan's bag and located a sealed envelope. The agent asked Logan if he could break the seal and open the envelope and Logan said he could. Inside, the agent found two white bank envelopes of mostly $100 bills. At that time, agents asked Logan to accompany them to a separate office in the airport to discuss the money.

3. The United States could further show at trial that when asked how much money he was carrying on his person, Logan responded that he had $9,000.00 in his wallet. When asked the source of the money, Logan said that he owned a business called Midnight Performance Race Clinic, LLC. Logan stated that he had been given a deposit for work on an automobile by an individual in Wilmington, NC. Logan said there are no Citibank locations in North Carolina to make a deposit, so he carried the cash with him.

4. The United States could further show at trial that Logan provided a telephone number for the individual he was to do work for and the agent placed a call to this number. The phone was turned off. The agent asked Logan if he had any other telephone numbers for this individual. Logan provided another number and when the agent began dialing, Logan stated that this number was for a different individual and that the first individual only translated for this person, who was his actual customer. When the second telephone number connected, the person who answered the telephone call denied being the person identified by Logan, denied knowing Logan, denied giving money to him and insisted the agent had the wrong number.

5. The United States could further show at trial that there is no record of a business by the name of Midnight Performance Race Clinic, LLC in Rancho Cordova.

6. The United States could further show at trial that Logan's ticket had been reserved and purchased within 24 hours of travel. Logan had departed Sacramento on

the evening of February 18, 2013, and returned to Sacramento approximately twelve hours later.  Logan did not check any luggage.

7. The United States could further show at trial that a drug dog positively alerted to the presence of the odor of narcotics on the defendant currency.

8. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

9. Without admitting the truth of the factual assertions contained above, Andre Rajshawn Logan specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, Andre Rajshawn Logan agrees that an adequate factual basis exists to support forfeiture of the defendant currency.  Andre Rajshawn Logan hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, Andre Rajshawn Logan shall hold harmless and indemnify the United States, as set forth below.

10. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

11. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

12. The parties herein desire to settle this matter, and a Consent Judgment of Forfeiture may be entered upon the following terms with which Andre Rajshawn Logan expressly agrees:

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

13. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

14. Upon entry of the Consent Judgment of Forfeiture, $22,200.00 of the

Approximately $29,000.00 in U.S. Currency, together with any interest that may have accrued on the entire amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

15. Upon entry of the Consent Judgment of Forfeiture, but no later than 60 days thereafter, $6,800.00 of the Approximately $29,000.00 in U.S. Currency shall be returned to potential claimant Andre Rajshawn Logan through his attorney Richard Johnson.

16. Plaintiff United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency. This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed. Andre Rajshawn Logan waives the provisions of California Civil Code § 1542.

17. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

18. All parties will bear their own costs and attorney's fees.

19. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: April 24, 2014            /s/ John A. Mendez
                                 JOHN A. MENDEZ
                                 United States District Judge